Amanda G. Billyard SBN 256838
Rich Sturdevant SBN 269088
**Financial Relief Law Center, APC**
1200 Main St. Ste C
Irvine, CA 92614
Telephone: (714) 442-3349
Facsimile: (714) 361-5392
abillyard@bwlawcenter.com

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JIHAD SAKER<br><br>Debtors. | Adversary Case# 6:23-ap-01055-SY<br><br>Bankruptcy Case# 6:23-bk-10976-SY<br><br>Chapter 7 |
| GREGG ROBERTS<br><br>Plaintiff,<br><br>v.<br><br>JIHAD SAKER<br><br>Defendants. | **MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>**Hearing:**<br>Judge: Hon. Scott H. Yun<br>Date:  March 14, 2024<br>Time:  9:30 a.m.<br>Place:  3420 Twelfth St., Crtrm 302<br>Riverside, CA 92501 |

# INTRODUCTION

Plaintiff, Gregg Roberts, the assignee of two state court judgments, filed his Amended Complaint ("Complaint") against Jihad Saker ("Defendant") asking this Court to deny Defendant, a chapter 7 discharge. Plaintiff Gregg Roberts ("Roberts") asserts that Jihad Saker ("Defendant") should not be entitled to discharge the 2017 judgment against him for negligence.

Plaintiff makes general allegations that Defendant's actions were willful and malicious, an assertion that was not made in the state court case, lacks supporting facts and which contradicts the findings of negligence claim in the state court case. Plaintiff alleges that Defendant is liable for the willful or malicious acts of an agent, an assertion that contradicts established law. Plaintiff asserts Defendant concealed destroyed or failed to preserve documents under 11 USC §727, though neither the UST nor the Chapter 7 Trustee, after extensive examination, discovered facts to support grounds for an action under §727. Finally Plaintiff claims Defendant should not receive a discharge asserting that Defendant knowingly made false statements, though the statements in question were either not made under oath or were made to the best of Defendant's recollection without bad faith.

Plaintiff's Complaint should be dismissed with prejudice because, while the complaint in its title refers to §523(a)(6) and §727, the Complaint lists no specific cause of action to which the Defendants can answer and fails to establish a legal theory or facts to support his claim for non-dischargeability. For these reasons, Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.   ARGUMENTS AND AUTHORITIES

### A.   The Complaint Should Be Dismissed for Failure to State a Cause of Action Under 11 USC §523(a)(6)

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. *Storm v. United*

*States*, 641 F3d 1051, 1067 (9th Cir. 2011); *SEC v. Cross Fin'l Services, Inc*., 908 F.Supp. 718, 726-727 (CD CA 1995); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (CD CA 1995).

The standard for dismissal incorporates and must be viewed in light of the simplified pleading standards embodied in the Federal Rules of Civil Procedure Rule 8(a). See *Swierkiewicz v. Sorema N.A*., 534 U.S. 506 (2002). According to Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement is adequate so long as it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 512.

For purposes of Rule 12(b)(6), a claim means a set of facts that, if established entitle the pleader to relief. *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555 (2007). A Rule 12(b)(6) dismissal is proper when the complaint fails to allege either: (1) a cognizable legal theory or (2) absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc*., 622 F3d 1035, 1041 (9th Cir. 2010). Moreover, to survive a motion to dismiss, the facts alleged must state a facially plausible claim for relief. *Id*. at 1041.

Section 523(a)(6) prevents discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Supreme Court in *Kawaauhau v. Geiger (In re Geiger)*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), made clear that for section 523(a)(6) to apply, the actor must intend the consequences of the act, not simply the act itself. *Id.* at 60, 118 S.Ct. 974. Both willfulness and maliciousness must be proven to block discharge under section 523(a)(6). *In re Ormsby*, 591 F.3d 1199, 1206 (9th Cir. 2010).

Under § 523(a)(6), the injury must be "willful," such that the debtor must have intended the consequences of his action, and not just the action itself. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). "The willful injury requirement of § 523(a)(6) is met when it is shown either that the

debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir.), cert. denied, 533 U.S. 930 (2001). Thus, negligent or reckless acts which inflict consequential injury do not fall within the ambit of § 523(a)(6). *Geiger,* 523 U.S. at 64.*In re Thiara*, 285 B.R. 420, 427 (B.A.P. 9th Cir. 2002)

The Supreme Court in *Kawaauhau v. Geiger (In re Geiger),* 523 U.S. 57, 118 S.Ct. 974, 140 L. Ed. 2d 90 (1998), clarified that for §523(a) (6) to apply, "the actor must intend the consequences of the act, not simply the act itself." *Ormsby v. First American Title Co. of Nevada (In re Ormsby)*, 591 F. 3d 1199, 1206 (9th Cir. 2010). Both willfulness and maliciousness must be proven to prevent discharge of the debt. *Id.* But, reckless or negligent acts are not sufficient to establish that a resulting injury falls within the category of willful and malicious injuries under §523(a)(6). *Kawaauhau v. Geiger*, 523 U.S. at 64.*Barton v. Carthan (In re Carthan)*, Case No.: 1:19-bk-12727-MT, at 9-10 (Bankr. C.D. Cal. Apr. 13, 2021)

Willful element:  Willfulness means intent to cause injury. *Kawaauhau v. Geiger*, 523 U.S. at 61. "The injury must be deliberate or intentional, 'not merely a deliberate or intentional act that leads to injury.'" *In re Plyam,* 530 B.R. 456, 463 (9th Cir. BAP 2015) (quoting Kawaauhau v. Geiger, 523 U.S. at 61) The court may consider circumstantial evidence that may establish what the debtor actually knew when conducting the injury creating action and not just what the debtor admitted to knowing. *In re Ormsby*, 591 F. 3d at 1206. Recklessly inflicted injuries, covering injuries from all degrees of recklessness, do not meet the willfulness requirement of § 523(a)(6). *In re Plyam*, 530 B.R. at 464. Reckless conduct requires an intent to act instead of an intent to cause injury. *Id.* Therefore, the willful injury requirement "... is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." Carillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002).*Barton v. Carthan (In re Carthan)*, Case No.: 1:19-bk-12727-MT, at *10 (Bankr. C.D. Cal. Apr. 13, 2021.

Here, the Complaint fails to state facts to support the claim under 11 §523(a)(6) of willful and malicious injury by the Debtor.  The Complaint establishes that on May 16, 2014, Travon Stokes ("Stokes") shot and killed decedents David Lawler, Terry Freeman, Jr., and Kavin Johnson (the "Victims") on the premises of Ahalena Hookah Lounge (the "Hookah Lounge"). The Complaint establishes that Defendant is the owner of the Hookah Lounge. The Complaint does not establish that Defendant took any action directly against the Victims. Indeed, the Complaint fails to establish any direct link or connection between Defendant and his actions and the Victims. Defendant did not act willfully or maliciously to intend the outcome of murder, and there has been no evidence shown to support that from Roberts' state court complaint or Plaintiff's Complaint in Bankruptcy Court.  It is undisputed that Defendant did not pull the trigger nor did he intend to cause injury to anyone.

Plaintiff appears to draw similarities between the injury that can arise from driving while intoxicated and this case in that "operating a motor vehicle while intoxicated is a dangerous activity where injury to another is highly foreseeable"  In re Ray, 51 B.Rl. 236 (9th Cir. BAP 1985).  Unlike the conduct in *Ray,* Debtor's actions or omissions did not give rise to a foreseeable injury since the actions were not inherently dangerous.

However, Roberts fails again to provide a legal argument under which Debtor could be denied a discharge.  As noted in the well settled law above, not only did Debtor need to have intended his actions, but he needed to have intended the injury or the outcome.  For example, it is insufficient to show Debtor intended to not have a security policy, Debtor must have intended the injury in this case, or that Debtor knew with substantial certainty that lack of a security policy would result in injury.  There is no evidence of either of these.  Plaintiff makes a bold statement purporting to know what Saker knew stating that "Saker knew this" but there is no evidence in the State Court proceeding or the Complaint to support this statement.  Without evidence, Roberts concludes the mindset of the Debtor.

Furthermore, even if Defendant had acted recklessly, for which the Complaint fails to state facts, there would still be a requirement for intention to cause the outcome of injury. Plaintiff fails to state facts that Debtor had intent or motive to inflict the injury.

Plaintiff fails to provide a legal argument or theory to support his conclusion.  Without any evidence, Plaintiff concludes "The actions and/or omissions of Saker and his agent were done intentionally, and injury was substantially certain" without performing any legal analysis under existing law. Plaintiff's claims are conclusionary at best and not based in law or in fact.

Plaintiff attempts throw whatever he can lat Defendant and asserts that Defendant's subsequent arrest for illegal gambling somehow results in Defendant having intentionally or willfully caused the injury in the civil case.  See Complaint page 8.   Bringing in Defendant's subsequent arrest in an unrelated matter is irrelevant to this Complaint and serves only to tarnish Defendant. Moreover, if there were evidence of willful or intentional malicious conduct, in the wrongful death case, Defendant would have been prosecuted criminally.   The lack of criminal prosecution in connection with the wrongful death case shows there was insufficient evidence to prove willful intent or malice.

## B.  The Amended Complaint States Facts that are Insufficient to Prove Defendant Concealed, Destroyed or Failed to Preserve Financial Documents Under 11 USC 727(a)(2)(A) and 727(a)(3).

In his Complaint, Plaintiff concludes without any factual support or sworn declaration that Defendant Concealed, Destroyed and failed to preserve documents.  Plaintiff ignores the testimony that resulted from extensive examination by the Chapter 7 Trustee, the UST, and Roberts himself, at the continued Meeting of Creditors on May, 17 2023.  In that meeting, Debtor was questioned by all 3 of the above and the Chapter 7 trustee and the US Trustee both determined that there was no evidence that Debtor concealed, destroyed or failed to preserve documents.  More importantly the Trustees concluded the meeting finding no evidence to hinder

or delay payments to creditors.  Had there been any indication that Debtor engaged in an effort to conceal or destroy documents, the Chapter 7 trustee and US Trustee would have certainly continued their investigation in this case.

The Complaint makes the same allegations in his Motion to Dismiss arguing that Debtor transferred funds from his personal account at Arrowhead and from his Wells Fargo account in his DBA E Street Market.  E Street Market is a DBA for Jihad Saker.  Therefore any transfers out of E Street Market Wells Fargo account or Arrowhead to the account for Saker Enterprises, Inc. shows the Debtor putting money into his business from his personal accounts in an effort to save an keep his business running.  Moving money from personal to a business account years before contemplating bankruptcy is permissible.  These facts here do not trigger an action under §727.

Similarly, Plaintiff states that 21 payments were made from E Street Market to Debtor's personal mortgage.  Because E Street Market is a DBA for Jihad Saker, there are no grounds for a§ 727 action since payments were made to Debtor's personal mortgage from his E Street Market account.  Debtor is allowed to pay his personal mortgage form his personal account.  Alleging that Defendant paid his mortgage from a personal account as a violation of §727 is problematic.  The same is true for paragraph 55, where Roberts states Debtor made 23 cash withdrawals from the E street Market Account.  Debtor is permitted to make withdrawals from his personal account.   Furthermore, Plaintiff omits that the majority of these withdrawals were made nearly two years before the filing of Defendant's bankruptcy case.  As explained in Debtor's Opposition to Roberts' Motion to Dismiss, the cash withdrawals in question took place between January 2020 and September of 2021.  The only amounts withdrawn over $3,000 at that time were in March of 2021, nearly 2 years prior to Defendant's bankruptcy filing, in which Debtor removed a total of $30,000 over 3 different dates.  Debtor testified at the meeting of creditors that he used the funds to improve and repair his home, an allowable expense for the

Debtor.  These facts support Debtors position that he did not make these withdrawals in an effort to hide, hinder or delay payments to creditors or made in contemplation of bankruptcy.

The Complaint alleges that although Roberts reported these issues to the Trustee and that the Trustee never requested that Saker produce missing records.  This is false.  Chapter 7 Trustee Arturo Cisneros requested extensive documents from Counsel, in which Counsel provided to the Trustee whatever Debtor had records of and access to.  Because these records go back more than 2 years in accounts that are now closed, Debtor is unable to access every record that Roberts demanded.

The Complaint shows a ledger of Defendant's personal accounts and E Street Market accounts, which were depleting each month, which is consistent with loss of income due to a failing business, yet Roberts asserts Defendant made a false statement when he said he was unable to afford to feed himself let alone pay his loans.

Plaintiff complains about Defendant's contempt in the state court case, but under 11 USC 727(a)(6) Debtor should be denied a discharge if Debtor refused in this case, to obey a lawful court order.  Therefore, any argument that Debtor was in contempt of state court is not grounds for denial of discharge in his bankruptcy proceeding.

## C.  Complaint Fails to Prove Defendant Knowingly Made False Statements Under 11 USC § 727 (a)(4)(a).

Plaintiff's allegations that Defendant made false statements in his opposition to Robert's Motion to Dismiss is unfounded.  Debtor's opposition to Roberts motion to dismiss was not accompanied by a sworn declaration.  Furthermore, Plaintiff's assertion that Debtor failed to disclose that E street Market was a partnership is inconsequential.  To the best of Debtor's recollection, he was and acted as the only owner of E Street Market.  While technically Debtor and his son were partners in name, the records and bank statements show all transactions were between Debtor and E Street Market.  Furthermore, Debtor's son, even as a business partner, is

not the Debtor in this case and would not be required to attend the meeting of creditors, contrary to Roberts' assertion in paragraph 87, nor is Roberts entitled to examine or question him.

**F.  Statute of Limitations to Bring any Additional Claims against Debtor has Run**

Plaintiff's allegations are barred by the statute of limitations.  Bankruptcy Court applies state law statute of limitations.  In this case, Plaintiff allegations for False statements, willful or malicious conduct and concealment of assets.  The CA state statute of limitations for these causes of actions are 1-2 years.  The judgment against Defendant for wrongful death negligence was entered in 2017.  If Plaintiff wanted to bring an action for willful or malicious conduct, he must have done that at the time the claim was filed in state court , because the allegations in question arise from the same set of facts.

**II.    CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court dismiss the Complaint.

Dated:  February 21, 2024                          Respectfully Submitted,

                                                    /s/ Richard Sturdevant
                                                    Richard Sturdevant, Esq.
                                                    Financial Relief Law Center, APC
                                                    Attorneys for Defendants