Gregg Roberts
43430 E Florida Ave Ste #F-293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re Jihad Saker, | Main Case #6:23-bk-10976-SY |
| Debtor | Chapter 7 |
| | Adv. Proc. Case #6:23-ap-01055-SY |
| Gregg Roberts, Plaintiff, | |
| v. | **RESPONSE IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| Jihad Saker, Defendant | |
| | Judge: Hon. Scott H. Yun |

The instant Motion does little but rehash arguments made in the first Motion to Dismiss – arguments that this Court evidently found unworthy of mention at the hearing on that Motion.

The instant Motion repeats the groundless position that judgments arising out of lawsuits where only unintentional torts were alleged cannot be found nondischargeable. Even if that were true, the Motion falsely states that Roberts' allegations "[contradict] the findings of negligence claim in the state court case" (2:7), as if allegations in a bankruptcy adversary proceeding under

523(a)(6) cannot *go beyond* state court findings. Debtor Counsel surely knows better than to make such assertions. Even worse, he and Debtor misrepresent *for the second time* the facts about that previous litigation. ***See pages 8-9 for the devastating details.***

The Motion accuses Roberts of making a false statement regarding the provision of documents by the Debtor to the Trustee:

> The Complaint alleges that although Roberts reported these issues to the Trustee and that the Trustee never requested that Saker produce missing records [*sic*]. This is false. **Chapter 7 Trustee Arturo Cisneros requested extensive documents from Counsel, in which [*sic*] Counsel provided to the Trustee whatever Debtor had records of and access to.** Because these records go back more than 2 years in accounts that are now closed, Debtor is unable to access every record that Roberts demanded.

8:3-8.

Roberts based his statement in large part on Trustee Cisneros' own words, at the only Meeting of Creditors attended by Saker, on May 17, 2023. The screenshot below is a true and correct copy of the relevant portion of notes taken by Roberts during that Meeting. Roberts cleaned up his rapidly typed notes and entered various comments on them for further action a few times over the ensuing month. This resulted in a last modified date shown in the screenshot of one month after the Meeting. Roberts was surprised that Trustee Cisneros went beyond stating whether he had requested documents from Debtor Saker, denying that he EVER requires any documents other than tax documents and identification. How can he possibly fulfill his duties under 11 USC 704 if this is actually his unwavering policy?

RESPONSE IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

**Screenshot of Roberts' Contemporaneous Notes from Meeting of Creditors**



| ☆ | | Saker, 6:23-bk-10976-SY, Seco.... → | 6/17/2023, 1... | Drafts |
| ☆ | | Re: In Re Jihad Saker, 6:23... → B... | 8:57 AM | Sent |

↩ Reply   ↪ Forward   🗄 Archive   🗑 Junk   🗑 Delete   More ∨   ☆

From  Gregg Roberts <gregg@legalsupport-sc.com> ⓘ

Subject  **Saker, 6:23-bk-10976-SY, Second 341(a) meeting**                6/17/2023, 11:47 AM

✏ This is a draft message.                                    Edit   ✕

Attending: Cisneros, Mayra Johnson, Billyard, Saker, myself, interpreter, and Mr. Everett L. Green of the UST. Tracking Number, probably 30. Early next week available. Cisneros "was going to refer GR to (atty) Mr. Green."

For Cisneros: Did you receive any docs from debtor? NO. "I do not require any docs other than tax docs and ID..." Unconditionally?! That's clearly wrong. Under some conditions he MUST require some docs in order to fulfill his duties under....

Back to the more specific point of whether the Trustee requested documents from Saker, Roberts requested copies of any such documents from Trustee Cisneros' office. Roberts never received any such documents, although his request was acknowledged. Exhibit 1 is a true and correct copy of email messages between Roberts and Trustee Cisneros' office, from which these excerpts are taken:

1.  "I further request copies of all of the debtor's documents currently in your possession, or that come into the possession of your office in the future, other than the ones that you are not allowed to give me." P. 2, last paragraph. This follow-up request was made on May 5, twelve days before the Meeting.

2.  "Please let me know whether you intend to demand the production of additional documents from the debtor Jihad Saker, and if not, why not. / I request copies of all

documents you have received, or that you receive from Mr. Saker before the May 17 Meeting, other than those that you are forbidden by law from providing to me." P. 2, paras 4-5. This initial request was made on April 20.

3.  Trustee Cisneros never specifically acknowledged Roberts' request for records, instead responding with side issues such as whether Roberts was an attorney (p. 5, para 2) and assuring him that Arabic translators were not difficult to obtain (p. 10, para 1).

4.  On May 5, Roberts asked Cisneros "In view of the information that I already sent you, could you tell me why you have not [apparently] already demanded statements from the Saker Enterprise account?" P. 7, para 6. Cisneros never answered that question.

Roberts confirmed by a review of his email system that he never received any Saker documents from Cisneros' office, either from his address or that of his assistant Mayra Johnson. Roberts also spoke with Ms. Johnson by telephone on June 3. She told Roberts that she saw no indication in her records that Trustee Cisneros ever requested any documents from Debtor Saker, and that it is not his practice to request any such documents other than tax documents and identification, just as Trustee Cisneros stated at the Meeting.

In view of all this, what was Roberts to conclude, other than what he wrote in the FAC, which the instant Motion waves away as "false"? This is yet another misrepresentation of fact by Debtor Saker and counsel – another "false oath *or account*." See below. Indeed, it seems to go so far as to perpetrate a fraud upon the Court, in an attempt to discredit Roberts while also trying to wave away the smoke that usually means there's fire.

RESPONSE IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

4

With regard to the 727 claim, the Motion again has the Debtor trying to hide behind the skirts of the Trustees. But established law allows creditors to bring exactly this kind of action *regardless of whether the Trustees join in it*. The instant fact pattern might provide an example of why Congress afforded creditors this right under bankruptcy law.

**"False Oath *or Account*"**

In another misrepresentation of *law*, the Motion attempts to get the Debtor off the hook by saying that the statements about which Roberts complains "were either not made under oath or were made to the best of Defendant's recollection without bad faith". 2:14-15. As to the first prong of this allegation, 11 USC 727(a)(4)(A) provides for denial of discharge because of *false oaths or accounts*, not just *false oaths*. Again, Debtor Counsel obviously knows this, but chose to lie by omission. Would Debtor Counsel resort to such tactics if he were up against someone with a law license?

As to the second prong of the allegation, it disregards the required presumption that all factual (nonconclusory) allegations in a Complaint are true and correct for purposes of a Motion to Dismiss. Roberts alleged "92. The debtor's false oaths and accounts were made knowingly and fraudulently" (p. 19). More specifically, Roberts further pointed out the contradiction between the Debtor's statement "I had no money even to feed myself" and a total balance of more than $7000 in three bank accounts, plus an undisclosed amount of funds in the Saker Enterprise account. *FAC*, p. 13.

Roberts went on to document, in detail over the next several pages, how we know that various statements by the Debtor were knowingly false. The instant Motion *even repeats one of the false statements documented there*: that a former holder of a now-closed bank account cannot go to the bank, show ID, and obtain such statements at nominal cost: "Because these records go back more than 2 years in accounts that are now closed, Debtor is unable to access every record that Roberts demanded." 8:6-8. Roberts has never heard of a bank where that is true. Debtor Saker nowhere asserts that he actually *tried to obtain* statements after the accounts were closed.

On June 3, Roberts called the Wells Fargo branch at 296 W. Highland Ave, San Bernardino, CA 92405 – which a Google search indicated was the nearest branch to debtor's home – at (909) 886-4824. A banker there who identified himself as George told Roberts that there would be no problem printing statements for a closed account going back three years, and no charge for the statements. Roberts was very clear in stating that he was asking about a situation in which the account was closed. George stated that he would be able to print out 12 months' worth of statements without an appointment, but if the customer wanted more than that, an appointment would be recommended.

Nor does Debtor Saker say why he was able to provide Roberts with three years' worth of business statements for E Street Market from Wells Fargo and a year's worth of personal statements from Arrowhead Credit Union, but ZERO statements for the Saker Enterprise Wells Fargo account. The contrast is damning. So "Debtor is unable to access every record that Roberts

RESPONSE IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    demanded" is yet *another* "false oath or account"! In violation of the First Rule of Holes, *Debtor*

2    *and Counsel just keep digging!*

3

4        In another violation of the Rules of Professional Conduct and 11 USC 727(a)(4)(A), the

5    Motion repeats an argument that is wrong on both the facts and the law, an argument that was

6    already thoroughly refuted in Roberts' Response to the Motion to Dismiss the original

7    Complaint. The Motion states: "The judgment against Defendant for wrongful death negligence

8    was entered in 2017. If Plaintiff wanted to bring an action for willful or malicious conduct, he

9    must have done that at the time the claim was filed in state court" (9:8-9) – implying that there

10   WASN'T ANY intentional tort claim in the state court complaint. But, as Roberts demonstrated,

11   THERE WAS. *See the screenshot from Roberts' Response on the following page.*

12

13

14       Consider: If the Debtor really has no significant nonexempt assets or income as stated in

15   his Schedules, why are he and/or his family spending significant sums on legal representation to

16   keep dragging out this litigation with another Motion to Dismiss? *Why haven't they already just*

17   *filed an Answer?*

18

19       Indeed, why didn't the Debtor simply *produce the required records in the state court*

20   *litigation in the first place?* If those records would have shown the poverty of which the Debtor

21   now complains, Roberts would not have been able to take anything from him in the state court

22   litigation. The Saker Enterprise records *probably* show something damning, to be worth all this

23

24

25

26

27   RESPONSE IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

28                                              7

**B. DETAILED RESPONSES TO THE MOTION REGARDING THE 523(a)(6)**

**CAUSE OF ACTION**

*1. Statute of Limitations Objection*

**MOTION:** "Plaintiffs allegations are barred by the statute of limitations. Bankruptcy Court applies state law statute of limitations. In this case, Plaintiff allegations willful or malicious conduct is barred by the 2 year statute of limitations in CA for intentional torts. Therefore, if Plaintiff wanted to assert intentional tortious claims against Defendant, it must have been brought within 2 years of the act. Accordingly, the statute of limitations as to willful or malicious or intentional torts has run." 3:20-22.

**RESPONSE:** This is a shocking misstatement of both the relevant facts of this case and the applicable law. The state court Complaint DID allege intentional tort, at Item 10(c):

SHORT TITLE: LAWLER, et al. v., AHALENA HOOKAH LOUNGE, et al.    CASE NUMBER: CIVDS1607235

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
a. ☐ Motor Vehicle
b. ☒ General Negligence
c. ☒ Intentional Tort
d. ☐ Products Liability
e. ☒ Premises Liability
f. ☒ Other (specify): Wrongful Death

*Ex. 1, p. 3.*

DE #11, p. 6.

trouble to cover up. But again, if they turn out not to, it doesn't matter. *The violation is in the cover-up*, as documented in the lengthy footnote on pages 22-23 of the FAC.

Regarding the FAC's 523-related allegations, the Motion again fails to presume their truth in the discussion about Saker's "mindset," complaining multiple times that "there is no evidence." 5:23-26. Roberts, of course, like all creditors, *has no choice but to make allegations*

*about the Debtor's mindset in order to bring an action for willful and malicious injury*. On

summary judgment or at trial, the Debtor's mindset can be, and often is, inferred from his

actions, his level of experience in life, and from the various facts of the situation. But all of that

is getting ahead of ourselves at this stage of the litigation. Right now this Court must assume the

truth of the allegations and decide only whether the FAC is well pled and gives rise to facially

plausible causes of action. By virtue of the changes between the original Complaint and the FAC

– changes that Roberts based on the Court's statements at the hearing on the Motion to Dismiss

the original Complaint – there is no reasonable doubt that the FAC meets that standard.

### Agency "Leftovers" in the FAC from the Original Complaint

In his First Amended Complaint ("FAC"), Roberts inadvertently neglected to delete two

allegations from the Original Complaint that allude to Saker's "agent" *as an alternative* to

alleging that the Debtor himself caused the willful and malicious injury:

> 16. Nor does it matter whether the ultimate victims of the willful and malicious
> acts by the debtor ***and/or*** his agent were not the same as the person to whom the
> alcohol and cocaine were given….
>
> …
>
> 95. The actions and/or omissions of ***Saker and his agent*** leading to the debt were
> done intentionally, were wrongful, were done without just cause or excuse, and
> injury was substantially certain to result from them.

Considering that all the other agency-related allegations in the original Complaint were

deleted – thus there remain utterly insufficient factual allegations in support of a cause of action

RESPONSE IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

9

as to an agent, it should be obvious to Debtor Counsel and this Court that Roberts no longer has

any intention of relying on an agency argument. Roberts explicitly waives any such argument,

which has already been ruled out by this Court. Roberts also notes FRBP 7008 and

FRCP 8(d)(2), "If a party makes alternative statements, the pleading is sufficient if any one of

them is sufficient."

Accordingly, it hardly seems worth the trouble, but if the Court so orders, Roberts will

remove those agency "leftovers" from a Second Amended Complaint if given leave to file one.

But it would seem that judicial economy would dictate that the Order that resolves the instant

Motion could simply state that no agency argument will be entertained in this case, no discovery

directed towards supporting such an argument shall be valid, and so forth.

**CONCLUSION**

After the improvements made in the FAC relative to the original Complaint, if there is

still any need for further amendments, they should certainly be granted.

Roberts hereby declares under penalty of perjury that all the factual statements in the

foregoing are true and correct to the best of his knowledge, information, and belief.

Respectfully submitted this 3rd day of June, 2024.

Gregg Roberts

RESPONSE IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

10

# Exhibit 1

Subject: RE: In Re Jihad Saker, 6:23-bk-10976-SY
From: Mayra Johnson <MJohnson@mclaw.org>
Date: 5/5/2023, 4:34 PM
To: Gregg Roberts <gregg@legalsupport-sc.com>
CC: Amanda Billyard <abillyard@bwlawcenter.com>, Arturo Cisneros <arturo@mclaw.org>

Good afternoon Mr. Roberts,

Thank you for your email. I am copying the Trustee at his preferred email address to review the below.

Thank you.


Mayra Johnson
Trustee Administrator



3403 10th Street, Suite 714
Riverside, CA 92501
951-682-9705
951-682-9707 (fax)
www.malcolmcisneros.com


Follow our firm at: 


Certified Minority Owned Corporation
Malcolm ◆ Cisneros, A Law Corporation, is an AV rated, regional commercial and civil litigation firm with offices across the Western United States in Phoenix, AZ; Irvine and Riverside, CA; Las Vegas, NV; Lake Oswego, OR; Dallas, TX; Seattle, WA.

**CONFIDENTIALITY NOTICE**

This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

From: Gregg Roberts <gregg@legalsupport-sc.com>
Sent: Friday, May 5, 2023 4:06 PM
To: AMCTrustee <amctrustee@mclaw.org>
Cc: Amanda Billyard <abillyard@bwlawcenter.com>
Subject: Re: In Re Jihad Saker, 6:23-bk-10976-SY

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

## Ex. 1, Page 1 of 10

Trustee Cisneros,

I just left a voicemail with your office pursuant to this matter.

I have seen no reply or phone call in response to the email below.

Please let me know whether you intend to demand the production of additional documents from the debtor Jihad Saker, and if not, why not.

I request copies of all documents you have received, or that you receive from Mr. Saker before the May 17 Meeting, other than those that you are forbidden by law from providing to me.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-330-4450

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution of copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 951-330-4450 or reply by e-mail and delete or discard this message.

On 4/20/2023 6:12 PM, Gregg Roberts wrote:

> Trustee Cisneros,
>
> I attended the 341 meeting pursuant to the above-referenced case this past Tuesday morning. Mr. Saker was unable to attend due to alleged illness. The meeting has been continued to May 17 at noon.
>
> The debtor in this case has a judgment of approximately $2.8 million with myself as the judgment creditor (assignee of record) as a result of three wrongful deaths that occurred on his property in 2014. One of the false statements on his petition is that most of his debt is consumer debt. In fact, more than 90% of his debt consists of his judgment debt to me.
>
> Mr. Saker is making a mockery of the judicial process intended only to benefit honest debtors in the bankruptcy court. As a result, I urge you to demand additional documents from this debtor.
>
> In an effort to work together to ferret out the truth, I further request copies of all of the debtor's documents currently in your possession, or that come into the possession of your office in the future, other than the ones that you are not allowed to give me. I believe this is justified because I already have evidence that the debtor has been squirreling away cash over the last several years. See the attached Excel file, as well as the conveniently

**Ex. 1, Page 2 of 10**

RE: In Re Jihad Saker, 6:23-bk-10976-SY            mailbox:///C:/Users/Gregg%20Roberts/AppData/Roaming/Thun...

Case 6:23-ap-01055-SY    Doc 25    Filed 06/03/24    Entered 06/04/24 10:45:06    Desc
Main Document     Page 14 of 23

processed PDF of bank statements for the last three years from one of Mr. Saker's bank accounts. You can Find text in the document and copy text out of it for your own analysis.

I cannot send the Arrowhead statements via email because the 61 MB file is too large. Please let me know if you would like me to provide the file through Dropbox. Because of chain of custody considerations, I understand that you might prefer to receive the documents directly from the debtor through counsel.

The evidence I have obtained includes twelve instances of "Withdrawal Made In A Branch/Store" totaling $39,588.81 between September 2020 and September 2021, and eight ATM Withdrawals totaling approximately $5,233.25 between January 2020 and July 2021 from the E Street Market account at Wells Fargo. In addition, there were two cash withdrawals of $10,004.99 for the debtor's personal Arrowhead FCU account on the same day, March 3, 2021. Those withdrawals were made close in time to a cash withdrawal of $10,099.99 on March 26, 2021, which is part of the total referenced above. These amounts are more sporadic, and are in much higher amounts, than would be required to maintain enough change in a convenience store cash register to do business. It is essential to my interests, as well as the integrity of this proceeding, that an accounting reveal the disposition of all that cash. If it has been moved for the purpose of preventing assets from being available to creditors, obviously we both need to know about that.

In addition there is a large, suspicious omission in the records production. Mr. Saker was ordered to turn over the past three years of bank records, but he has entirely withheld the statements from one of his business accounts. I discovered the existence of that account by analyzing over 200 pages of statements that he did provide (the "E Street Market" statements). That analysis revealed numerous transfers to that other mystery account (the "Saker Enterprise Inc." account). When I asked Mr. Saker's state court counsel about these omissions, there was no response, and then his bankruptcy petition followed about a week later. I need the 36 months' worth of statements from the Saker Enterprise, Inc. account. That account could show even more cash withdrawals, and/or more recent ones than those already identified. It could even reveal the assistance of another hidden account.

Finally, there is clear evidence of commingling of personal and corporate assets in the statements I have reviewed. The commingling includes many payments to Nationstar, which is apparently the company handling Mr. Saker's home mortgage, as well as Spectrum Internet and a satellite TV service for one of his family members. I did not enter all the Nationstar payments into the spreadsheet, but there were approximately $35,000 worth of them in total. Because of that commingling, it may be prudent of you to demand all corporate bank statements as well as personal bank statements.
Finally, Mr. Saker also allowed his store to go into foreclosure, thereby reducing the value of his shares in the corporation. That dissipation of an asset clearly violates one of the key state court orders.

Respectfully,

Gregg Roberts

**Ex. 1, Page 3 of 10**

RE: In Re Jihad Saker, 6:23-bk-10976-SY                    mailbox:///C:/Users/Gregg%20Roberts/AppData/Roaming/Thun...

Case 6:23-ap-01055-SY    Doc 25    Filed 06/03/24    Entered 06/04/24 10:45:06    Desc
Main Document      Page 15 of 23

Judgment Creditor / Assignee of Record

cc: Debtor Counsel Amanda Billyard
--

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-330-4450

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution of copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 951-330-4450 or reply by e-mail and delete or discard this message.

**Ex. 1, Page 4 of 10**

RE: In Re Jihad Saker, 6:23-bk-10976-SY        mailbox:///C:/Users/Gregg%20Roberts/AppData/Roaming/Thun...

Case 6:23-ap-01055-SY     Doc 25     Filed 06/03/24     Entered 06/04/24 10:45:06     Desc
Main Document       Page 16 of 23

Subject: RE: In Re Jihad Saker, 6:23-bk-10976-SY
From: Arturo Cisneros <arturo@mclaw.org>
Date: 5/7/2023, 9:40 AM
To: Mayra Johnson <MJohnson@mclaw.org>, Gregg Roberts <gregg@legalsupport-sc.com>
CC: Amanda Billyard <abillyard@bwlawcenter.com>

Thanks, Mayra.

Mr. Roberts:   are you an atty?  If not, I would suggest that you consult/retain a bk atty as I, as trustee in this case, am prohibited from providing legal advice.    Please see the deadlines set forth in the 341(a) notice as your rights as a creditor will be affected.  I believe I continued this matter to an hour (only matter set) where you and/or your counsel will have an opportunity to question the Debtor under oath.  If the Debtor fails to appear again, I will ask the clerk to dismiss the case.  In the meantime, if you discover undisclosed assets, please let me know.  I am in the office today until 4ish if you wish to discuss further, but please note that I cannot provide legal advice.

Very truly yours,

Arturo M. Cisneros



<u>Inland Empire</u>
3403 10th Street
Suite 714
Riverside, CA  92501
(951) 682-9705
<u>Orange County</u>
2112 Business Center Drive
Irvine, CA 92612
(949) 252-9400 Ext. 210
<u>www.malcolmcisneros.com</u>

*\*\*CONFIDENTIALITY NOTICE\*\**
*This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.*

From: Mayra Johnson <MJohnson@mclaw.org>
Sent: Friday, May 5, 2023 4:35 PM
To: Gregg Roberts <gregg@legalsupport-sc.com>
Cc: Amanda Billyard <abillyard@bwlawcenter.com>; Arturo Cisneros <arturo@mclaw.org>
Subject: RE: In Re Jihad Saker, 6:23-bk-10976-SY

Good afternoon Mr. Roberts,

Thank you for your email. I am copying the Trustee at his preferred email address to review the below.

**Ex. 1, Page 5 of 10**

RE: In Re Jihad Saker, 6:23-bk-10976-SY                    mailbox:///C:/Users/Gregg%20Roberts/AppData/Roaming/Thun...

Case 6:23-ap-01055-SY    Doc 25    Filed 06/03/24    Entered 06/04/24 10:45:06    Desc
Main Document    Page 17 of 23

Thank you.


Mayra Johnson
Trustee Administrator



3403 10th Street, Suite 714
Riverside, CA 92501
951-682-9705
951-682-9707 (fax)
www.malcolmcisneros.com


Follow our firm at: 


Certified Minority Owned Corporation
Malcolm ◆ Cisneros, A Law Corporation, is an AV rated, regional commercial and civil litigation firm with offices across the Western United States in Phoenix, AZ; Irvine and Riverside, CA; Las Vegas, NV; Lake Oswego, OR; Dallas, TX; Seattle, WA.

**CONFIDENTIALITY NOTICE**
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.


**Ex. 1, Page 6 of 10**

Re: In Re Jihad Saker, 6:23-bk-10976-SY        mailbox:///C:/Users/Gregg%20Roberts/AppData/Roaming/Thun...

Case 6:23-ap-01055-SY     Doc 25     Filed 06/03/24     Entered 06/04/24 10:45:06     Desc

Main Document      Page 18 of 23

Subject: Re: In Re Jihad Saker, 6:23-bk-10976-SY
From: Gregg Roberts <gregg@legalsupport-sc.com>
Date: 5/7/2023, 10:20 AM
To: Arturo Cisneros <arturo@mclaw.org>

Mr. Cisneros,

Thank you so much for responding to my message on Sunday.

I am not an attorney, but I have been enforcing judgments in Southern California for 10 years now. I have held my own against very aggressive defense counsel, obtaining substantial compromises in all three of my bankruptcy battles thus far.

I am in the process of finalizing my own motion to dismiss the Saker case as we speak. The two reasons that should most interest your office are (1) the hiding of the second business account -- the one in the name of Saker Enterprise, Inc. -- and (2) cash withdrawals from the E Street Market account in the three years prepetition totaling $44,822.06 -- cash that appears to have been dissipated. I see no reason to assume that cash was not also withdrawn from the missing account -- perhaps much more than $44,000. I found a criminal record in San Bernardino against Mr. Saker for running an unlicensed gambling establishment. Mr. Saker's son told me in January that Mr. Saker had been behaving erratically and aggressively because of drug abuse, probably methamphetamine.

I am in the process of entering more information into the spreadsheet that I sent you earlier that will better illustrate the details of the suspicious transactions. Of course you will be served with a copy of the Motion, to which the spreadsheet will be an exhibit. I hope to file and serve the motion by tomorrow or Tuesday at the latest, but that doesn't give you much time For more records to be demanded, obtained, and produced to all of us in time for the May 17 meeting.

In view of the information that I already sent you, could you tell me why you have not already demanded statements from the Saker Enterprise account? Mr. Saker is apparently the sole shareholder, and he certainly controlled the funds in both accounts. He also used corporate funds to pay personal bills. I understand that commingling does not automatically indicate bankruptcy fraud, but it is another indicator of Saker's disregard for the law and for proper business procedures. And all of the conduct I have described above casts doubt on Saker's credibility as a witness regarding his own financial affairs.

A final note -- at the last state court proceeding In January, Saker requested that an Arabic translator be provided for him at the debtor examination that was to take place April 7. If he has not requested an Arabic translator for either of the creditors meetings, please consider the implications. Either he doesn't really need a translator, or he plans on stalling for time again on May 17. It will be unacceptable for him to tell us at the second 341 meeting that he doesn't understand my questions because of a language barrier and he needs more time to get a translator. He has to request a translator NOW -- assuming it is not already too late -- or forfeit the right to make any excuses about his English proficiency. I will ask my questions at a reasonable speed, but I will not dumb my questions down. If the Trustee's office has no obligation or funds to provide an Arabic translator, or one is not available for May 17, Mr. Saker will need to provide his own translator at his own expense, or again

**Ex. 1, Page 7 of 10**

forfeit any related rights.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-330-4450

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution of copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 951-330-4450 or reply by e-mail and delete or discard this message.

On 5/7/2023 9:40 AM, Arturo Cisneros wrote:

> Thanks, Mayra.
>
> Mr. Roberts:  are you an atty?  If not, I would suggest that you consult/retain a bk atty as I, as trustee in this case, am prohibited from providing legal advice.    Please see the deadlines set forth in the 341(a) notice as your rights as a creditor will be affected.  I believe I continued this matter to an hour (only matter set) where you and/or your counsel will have an opportunity to question the Debtor under oath.  If the Debtor fails to appear again, I will ask the clerk to dismiss the case.  In the meantime, if you discover undisclosed assets, please let me know.  I am in the office today until 4ish if you wish to discuss further, but please note that I cannot provide legal advice.
>
> Very truly yours,
>
> Arturo M. Cisneros



> Inland Empire
> 3403 10th Street
> Suite 714
> Riverside, CA  92501
> (951) 682-9705
> Orange County
> 2112 Business Center Drive
> Irvine, CA 92612
> (949) 252-9400 Ext. 210
> www.malcolmcisneros.com
>
> **CONFIDENTIALITY NOTICE**
> *This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain*

## Ex. 1, Page 8 of 10

*information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.*

From: Mayra Johnson <MJohnson@mclaw.org>
Sent: Friday, May 5, 2023 4:35 PM
To: Gregg Roberts <gregg@legalsupport-sc.com>
Cc: Amanda Billyard <abillyard@bwlawcenter.com>; Arturo Cisneros <arturo@mclaw.org>
Subject: RE: In Re Jihad Saker, 6:23-bk-10976-SY

Good afternoon Mr. Roberts,

Thank you for your email. I am copying the Trustee at his preferred email address to review the below.

Thank you.


Mayra Johnson
Trustee Administrator



3403 10th Street, Suite 714
Riverside, CA 92501
951-682-9705
951-682-9707 (fax)
www.malcolmcisneros.com




Follow our firm at: 


Certified Minority Owned Corporation
Malcolm ♦ Cisneros, A Law Corporation, is an AV rated, regional commercial and civil litigation firm with offices across the Western United States in Phoenix, AZ; Irvine and Riverside, CA; Las Vegas, NV; Lake Oswego, OR; Dallas, TX; Seattle, WA.

**CONFIDENTIALITY NOTICE**
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.


**Ex. 1, Page 9 of 10**

Subject: RE: In Re Jihad Saker, 6:23-bk-10976-SY
From: Arturo Cisneros <arturo@mclaw.org>
Date: 5/7/2023, 10:27 AM
To: Gregg Roberts <gregg@legalsupport-sc.com>

The OUST provides an interpret to those in need.  We will have the ability to request same if necessary and it usually doesn't take very long to get one on the line.

Very truly yours,

Arturo M. Cisneros



Inland Empire
3403 10th Street
Suite 714
Riverside, CA  92501
(951) 682-9705
Orange County
2112 Business Center Drive
Irvine, CA 92612
(949) 252-9400 Ext. 210
www.malcolmcisneros.com

*\*\*CONFIDENTIALITY NOTICE\*\**
*This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.*

From: Gregg Roberts <gregg@legalsupport-sc.com>
Sent: Sunday, May 7, 2023 10:20 AM
To: Arturo Cisneros <arturo@mclaw.org>
Subject: Re: In Re Jihad Saker, 6:23-bk-10976-SY

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Cisneros,

Thank you so much for responding to my message on Sunday.

I am not an attorney, but I have been enforcing judgments in Southern California for 10 years now. I have held my own against very aggressive defense counsel, obtaining substantial compromises in all three of my bankruptcy battles thus far.

**Ex. 1, Page 10 of 10**

*see below*        **PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 ~~and not a party to this bankruptcy case or adversary proceeding~~. My business address is:

43430 E Florida Ave #F-293, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): <u>RESPONSE IN OPPOSITION TO MOTION TO</u>
<u>MOTION TO DISMISS FIRST AMENDED COMPLAINT, with one exhibit</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __06/03/2024___, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.
 Debtor Counsel: Amanda Billyard and Richard Sturdevant, via email per written permission, at
 abillyard@bwlawcenter.com and rich@bwlawcenter.com.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/03/2024 | Gregg Roberts | | *Gregg Roberts* |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

43430 E Florida Ave #F, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): <u>RESPONSE IN OPPOSITION TO MOTION TO</u>
<u>MOTION TO DISMISS FIRST AMENDED COMPLAINT, with one exhibit</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
    I have no access to CM/ECF.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __06/03/2024____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
 Debtor: Jihad Saker, 1137 W. 17th St., San Bernardino, CA 92411
 Judge: Hon. Scott Yun, United States Courthouse, 3420 Twelfth Street, Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| <u>06/03/2024</u> | *Vito A. Vitale III* | *[signature]* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**