Gregg Roberts
43430 E Florida Ave Ste #F-293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| | |
|---|---|
| In re Jihad Saker, <br><br> Debtor <br><br>       Gregg Roberts, Plaintiff, <br>       v. <br><br>       Jihad Saker, Defendant | Main Case #6:23-bk-10976-SY <br> Chapter 7 <br> Adv. Proc. Case #6:23-ap-01055-SY <br><br> **NOTICE OF MOTION AND MOTION TO ENFORCE COURT-APPROVED SETTLEMENT AGREEMENT AND FOR ENTRY OF JUDGMENT OF NONDISCHARGEABILITY, PRESERVATION OF LIENS, AND SANCTIONS** <br><br> Hearing Date: Thursday, March 19, 2026 <br> Time: 9:30 a.m. <br> Courtroom: [Courtroom 302 or as posted] <br> Judge: Hon. Scott H. Yun |

**NOTICE OF MOTION**

**TO THE DEBTOR/DEFENDANT, HIS ATTORNEY OF RECORD, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on Thursday, March 19, 2026, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the above-entitled Court, Plaintiff Gregg Roberts will and hereby does move the Court for an order:

1. Enforcing the Court-approved Settlement Agreement;

2. Entering judgment that Defendant's debt to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

3. Confirming that Plaintiff's recorded abstracts of judgment and liens remain valid and enforceable;

4. A total of $15,000 in sanctions to be paid collectively by Defendant and his daughter (believed to be named Laila Saker), who has contributed to the delays in payment;

5. Granting such further relief as the Court deems just.

This motion is made pursuant to Federal Rules of Bankruptcy Procedure 9013 and 9014, the Court's inherent authority to enforce its orders, the parties' written Settlement Agreement, the accompanying Motion, the Declaration of Gregg Roberts with exhibits, the record in this adversary proceeding and in the main bankruptcy case, any Reply in Support, and any testimony that might be given at a hearing.

The nonparty identified herein as Laila Saker has been served with all these moving papers, giving her notice and an opportunity to be heard.

NOTICE IS FURTHER GIVEN that opposition, if any, must be filed and served in accordance

with Local Bankruptcy Rule 9013-1(f) not later than fourteen (14) days before the hearing.

Failure to file timely opposition may be deemed consent to the granting of the relief requested.

Dated February 11, 2026.

Gregg Roberts
Plaintiff Pro Se

1  Gregg Roberts
2  43430 E Florida Ave Ste #F-293
   Hemet CA 92544
3  951-330-4450
4  gregg@legalsupport-sc.com
   Assignee of Record and Judgment Creditor, Pro Se
5

6

7                    **UNITED STATES BANKRUPTCY COURT**

8            **CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

9

10 In re Jihad Saker,                    Main Case #6:23-bk-10976-SY
                                         Chapter 7
11 Debtor                                Adv. Proc. Case #6:23-ap-01055-SY

12         Gregg Roberts, Plaintiff,
13         v.                            **PLAINTIFF'S MOTION TO ENFORCE
                                         COURT-APPROVED SETTLEMENT**
14         Jihad Saker, Defendant        **AGREEMENT AND FOR ENTRY OF
                                         JUDGMENT OF
15                                       NONDISCHARGEABILITY,
                                         PRESERVATION OF LIENS, AND
16                                       SANCTIONS**
17

18

19              **TO THE COURT, THE DEBTOR, AND COUNSEL OF RECORD:**

20 PLEASE TAKE NOTICE that Plaintiff Gregg Roberts moves this Court, pursuant to Fed. R.

21 Bankr. P. 9014 and the Court's inherent authority to enforce its own orders, for an order

22
   enforcing the parties' court-approved settlement agreement and entering judgment as expressly
23
   provided by that agreement.
24

25

26

27

28

## I. INTRODUCTION

The parties executed a written Settlement Agreement.

The Court approved that agreement on November 14, 2025.

Payment was due within fourteen days of Court approval.

Payment has not been made.

Instead, Defendant has offered a succession of after-the-fact excuses that do not appear anywhere in the Agreement, refer to public records on which Defendant was on constructive notice before signing the Settlement Agreement – records concerning which he almost certainly also had actual knowledge – and which do not excuse performance.

The Agreement expressly provides that, upon default, Plaintiff "shall be entitled to a judgment of nondischargeability as prayed for in the Amended Complaint."

Default is undisputed.

The main remedy is mandatory.

Nothing remains for adjudication other than the question of sanctions for bad faith default as to the Settlement Agreement.

Judgment should enter.

## II. FACTUAL BACKGROUND

1. Plaintiff filed this adversary proceeding seeking nondischargeability under 11 U.S.C. § 523(a)(6) and related relief.

2. The parties executed a written Settlement Agreement resolving the dispute.

3. Article 1 made the Agreement effective upon Court approval.

4. This Court approved the Settlement by order entered November 14, 2025 (Dkt. 54).

5. Under ¶ 2.1 of the Agreement, Defendant was required to pay $49,000 within fourteen days of the Effective Date.

6. Plaintiff fully performed all obligations required of him.

7. Defendant has paid nothing.

8. Months have passed since payment became due.

9. Through counsel, Defendant indicated that the settlement payment would be made with funds provided by his children. Exhibit 2.

10. Soon after this Court approved the Settlement, Defendant's counsel told Plaintiff that Defendant's daughter had discovered a lien against her father's former corporation. She was concerned that the Defendant might have personal liability as a result of that lien, preventing the daughter and the other adult children who agreed to fund the settlement from recouping their money when Defendant passes away.

11. The largest lien in the name of Saker Enterprise discovered by Plaintiff through a visit to the Recorder's office is in the amount of $341,266, and was recorded September 28, 2023 at Rec #2023-0239633, more than a year before the Settlement Agreement was entered

---

MOTION TO ENFORCE COURT-APPROVED SETTLEMENT AGREEMENT AND FOR ENTRY OF
JUDGMENT OF NONDISCHARGEABILITY, PRESERVATION OF LIENS, AND SANCTIONS

into. Exhibit 1. It took about a month for Defendant and his children to become satisfied about that issue.

12. Sometime in January, 2026, Defendant and/or his daughter came up with a new concern about another apparent lien, one in which Defendant is actually personally named as the debtor. Defendant's counsel informed Plaintiff that payment will not be made until that lien has been avoided under 11 USC 522(f). That lien, also, was recorded long before the Settlement Agreement was entered into, and Defendant knew about it. The debt underlying it was listed in "Schedule D: Creditors Who Have Claims Secured by Property" in Defendant's main Bankruptcy case, #6:23-bk-10976-SY, DE #11, p. 14. Avoidance of that lien, also, was not a condition of the Agreement, and its existence and/or viability does not excuse payment.

13. About one month after the above concern was expressed, as of the morning of February 10 when this motion was being finalized, no motion to avoid the lien had been filed.

14. Defendant remains in material default.

## III. LEGAL STANDARD

Bankruptcy courts have inherent authority to summarily enforce settlements entered in matters before them. A court-approved settlement agreement is enforceable both:

• as a binding contract, and

• as an order of the court.

When breach is undisputed, enforcement by motion under Rule 9014 is appropriate and no separate adversary proceeding is required.

""A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Kukla v. National Distillers*, 483 F.2d 619 at 621 (6th Cir. 1973) (int. cite omitted). Here, the parties reached a binding settlement. Defendant, advised by his daughter and perhaps other adult children, agreed to specific terms including the payment of $49,000, ( absent which the Plaintiff would be allowed entry of judgment. That agreement is enforceable as a matter of law, and the Court should order compliance forthwith.

A court's inherent power to sanction is not limited to named parties. Where a non-party actively participates in litigation-related misconduct—including orchestrating the frustration of a settlement agreement—the court may impose sanctions against that non-party directly. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). Similarly, in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765–66 (1980), the Supreme Court recognized the inherent authority to impose sanctions on attorneys, even though attorneys are not parties to the action. The Ninth Circuit reaffirmed this in *In re Rainbow Magazine, Inc.,* 77 F.3d 278, 284 (9th Cir. 1996), *Fink v. Gomez*, 239 F.3d 989, 992–94 (9th Cir. 2001), and *In re DeVille*, 361 F.3d 539, 551–53 (9th Cir. 2004). In *Rainbow* the Ninth Circuit held that bankruptcy courts specifically have inherent authority to sanction nonparties whose conduct abuses the bankruptcy process or interferes with the court's administration of cases, even where those individuals are not formal parties to the proceeding.

---

MOTION TO ENFORCE COURT-APPROVED SETTLEMENT AGREEMENT AND FOR ENTRY OF
JUDGMENT OF NONDISCHARGEABILITY, PRESERVATION OF LIENS, AND SANCTIONS

**IV. ARGUMENT**

*A. The Settlement Became Binding Upon Court Approval*

Court approval was entered. All contingencies were satisfied. The Agreement became fully effective. Defendant's payment obligation was triggered automatically.

*B. Defendant Materially Breached*

The Agreement required payment within fourteen days. No payment has been made. Nonpayment of the sole monetary obligation is a material breach as a matter of law.

*C. The Agreement Mandates Entry of Judgment*

Paragraph 2.4 provides:

> "In the event that Saker defaults under this agreement, Roberts shall be entitled to a judgment of nondischargeability as prayed for in the Amended Complaint."

The language is mandatory. "Shall" leaves no discretion. Upon default, Plaintiff is entitled to judgment.

*D. Defendant's Excuses Demonstrate Bad Faith Delay*

Following entry of the Court's approval order, Defendant's obligation to pay the settlement amount became fixed and unconditional. Payment was due within fourteen days. No payment was made.

Instead, months have passed while Defendant has offered shifting, extra-contractual explanations relating to liens other than those of Roberts, none of which appear in the Settlement Agreement

MOTION TO ENFORCE COURT-APPROVED SETTLEMENT AGREEMENT AND FOR ENTRY OF
JUDGMENT OF NONDISCHARGEABILITY, PRESERVATION OF LIENS, AND SANCTIONS

9

or operate as conditions precedent to payment. The Agreement does not condition payment on the resolution or avoidance of any other creditor's lien.

These explanations arose only after the payment deadline expired and have served solely to postpone performance.  As a result, Plaintiff has been required to incur additional time and expense to obtain compliance with an agreement already approved by this Court.

Additionally, it has come to Plaintiff's attention that the Defendant's daughter, believed to be Laila Saker, has been primarily driving these delays. Her involvement in this matter further underscores the need for accountability beyond the Defendant alone.

Under these circumstances, sanctions are appropriate pursuant to the Court's inherent authority to address unreasonable and dilatory litigation conduct. Given the involvement of both the Defendant and Laila Saker in the delays, both parties should be held jointly responsible for the sanctions sought by Plaintiff.

*E. Plaintiff's Liens Must Remain Intact*

The Settlement Agreement provided for the release and satisfaction of Plaintiff's judgments and recorded abstracts only upon Defendant's timely payment of the settlement amount. That condition was never satisfied.

Because Defendant defaulted, the release provisions of the Settlement Agreement were never triggered. Accordingly, Plaintiff's judgments, abstracts of judgment, and all associated lien rights remain valid, enforceable, and unaffected.

Enforcement of the Settlement Agreement therefore requires confirmation that Plaintiff's

existing liens remain in full force and effect, consistent with both the Agreement's terms and

applicable nonbankruptcy law.

*F. The Court Has Authority to Award Fees, Costs, and Monetary Sanctions*

Bankruptcy courts possess inherent authority to enforce their orders and to impose monetary

sanctions where a party's conduct unreasonably delays proceedings or forces unnecessary

motion practice. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) (recognizing federal

courts' inherent power to impose sanctions for bad-faith or abusive litigation conduct).

This authority is appropriately exercised where a party's noncompliance with a clear obligation

compels the opposing party to seek relief that should not have been necessary. Here, following

entry of the Court's approval order, Defendant's payment obligation was fixed and

unconditional. Rather than comply, Defendant, at the behest of his daughter, allowed months to

pass without payment, offering extra-contractual explanations unrelated to the Settlement

Agreement.

Defendant's post-default conduct required the filing of this enforcement motion solely to obtain

the benefit of an agreement already approved by the Court. The resulting delay imposed real and

measurable litigation costs and deprived Plaintiff of the prompt resolution and certainty the

settlement was intended to provide.

Entry of judgment alone does not fully remedy this prejudice. Absent a monetary sanction,

Defendant's failure to comply with the Court-approved settlement carries no consequence

beyond what would have occurred had Defendant never agreed to settle at all. In that circumstance, delay becomes effectively cost-free.

Under these circumstances, a monetary sanction is appropriate to compensate for the unnecessary delay, to account for the avoidable motion practice caused by Defendant's noncompliance, and to deter further disregard of Court-approved agreements.

In addition, the Settlement Agreement independently provides that the prevailing party in any action to enforce the Agreement is entitled to recover attorneys' fees and costs, providing a separate and complementary basis for monetary relief. Although Plaintiff is not an attorney, his professional time is not valueless. Although the Agreement did not provide for accrual of interest, Plaintiff had no reason to expect that payment would be delayed for more than nine months after the amount and the fundamental terms were agreed on.

An award of sanctions against the Defendant alone would likely be unenforceable, as Defendant is believed to be no longer operating any business or employee in any way, and receiving only limited income in some combination of Social Security and regular monetary gifts from one or more of his children. Only an order against Mr. Saker in his daughter jointly and severally would be effective and enforceable.

## VI. CONCLUSION

The Settlement Agreement was approved by the Court. Payment became due. Defendant did not pay.

The parties already determined the contractual consequence of default: entry of judgment. Defendant's post-approval noncompliance has further required Plaintiff to incur unnecessary motion practice and has delayed resolution in a manner inconsistent with the purpose of a Court-approved settlement.

In light of the delays caused by both Defendant and his daughter, it is imperative that the Court enforce the settlement agreement and order that the $15,000 in sanctions be paid collectively by both parties. This approach ensures that all responsible parties are held accountable and that Plaintiff is compensated for the unnecessary delays incurred.

Plaintiff respectfully requests that the Court enforce the Settlement Agreement, enter judgment of nondischargeability, preserve Plaintiff's liens, and award $15,000 in monetary sanctions to compensate for the avoidable and extreme delay and to deter future noncompliance in other cases by Defendant and others.

## V. REQUESTED RELIEF

Plaintiff respectfully requests entry of an order:

1. Enforcing the Court-approved Settlement Agreement;

2. Entering judgment that Defendant's debt to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

3. Confirming that all of Plaintiff's recorded abstracts of judgment and liens remain valid, enforceable, and unaffected;

4.  Awarding Plaintiff $15,000 in sanctions for bad-faith delay against the Defendant and

Laila Saker jointly and severally;

5.  Granting such further relief as the Court deems just and proper.

## VI. CONCLUSION

The Agreement was approved.

Payment was due.

Payment was not made.

The parties already determined the consequence of default: entry of judgment.

The Court should enforce the Agreement as written, plus sanctions to compensate for the

extreme delays, and to deter future bad faith conduct and disrespect for Court-approved

settlements.

Respectfully Submitted, Dated February 15, 2026.

Gregg Roberts

Gregg Roberts
Plaintiff, Pro Se

# Declaration of Gregg Roberts

1
2
3
4

Gregg Roberts
43430 E Florida Ave Ste #F-293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

5
6
7

**UNITED STATES BANKRUPTCY COURT**

8

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

9
10
11
12
13
14
15

| In re Jihad Saker, | Main Case #6:23-bk-10976-SY |
|---|---|
| Debtor | Chapter 7 |
| | Adv. Proc. Case #6:23-ap-01055-SY |
| Gregg Roberts, Plaintiff, | |
| v. | **DECLARATION OF GREGG ROBERTS** |
| Jihad Saker, Defendant | **IN SUPPORT OF MOTION** |

16

I, Gregg Roberts, declare:

17
18

1. I am the Plaintiff in this adversary proceeding and appear pro se. I am over the age of 18
years. I have personal knowledge of the facts stated herein and could competently testify
to them if called.

19
20
21

2. The lien about which Defendant first complained was recorded long before the settlement
number was agreed on in April, not to mention before the settlement was approved by the
Court. A true and correct copy of that lien is attached as Exhibit 1.

22
23

3. The $49,000 figure was agreed upon through counsel's and Defendant's consultation
with his children, who would be largely if not entirely funding the settlement. Exhibit 2.

24
25
26

4. In June 2025, Defendant and I executed a formal written Settlement Agreement resolving
this adversary proceeding. A true and correct copy was attached as Exhibit A to the
MOTION UNDER FRBP 9019 FOR ORDER APPROVING COMPROMISE WITH
GREGG ROBERTS, filed in the main bankruptcy case as DE #30. I am attempting to

27
28

respect my understanding of court rules by not posting another copy of that document into the docket.

5. The Settlement Agreement provided that it would become effective upon approval by this Court.

6. On November 14, 2025, the Court entered an order in the main bankruptcy case approving the Compromise and Settlement Agreement (DE #54).

7. Under paragraph 2.1 of the Settlement Agreement, Defendant was required to pay me $49,000 within fourteen (14) days of the effective date.

8. I fully performed all obligations required of me under the Settlement Agreement; I was not required to execute or record any satisfactions of judgment until after I received full payment.

9. Neither Defendant nor anyone else has paid me any portion of the $49,000 settlement amount. As of today, the amount paid is $0.00.

10. Since the payment deadline expired, Defendant and/or his counsel have offered various explanations for nonpayment, including references to other liens and potential future motions. None of those matters were conditions or contingencies contained in the Settlement Agreement.

11. To my knowledge, to date no motion has been filed seeking avoidance of any alleged senior lien.

12. Because Defendant has not performed, I have been required to prepare and file the present motion to obtain enforcement of an agreement that was already approved by this Court.

13. My account in the Motion of the representations made to me by Defendant's counsel is accurate.

14. I respectfully request entry of judgment as provided in the Settlement Agreement, together with sanctions. I could not afford to hire an attorney to handle this motion for me, but my professional time is nonetheless valuable, and the present value of money is far greater than the future value of money. The $49,000 agreed to in April 2025 is worth far less today.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DECLARATION OF GREGG ROBERTS IN SUPPORT OF MOTION

2

Executed on February 11, 2026, at Hemet, California.

_Gregg Roberts_

Gregg Roberts
Declarant

# Exhibit 1

**Recorded Lien Against Saker Enterprise**

Image on the County Recorder's office computer captured in person by Gregg Roberts on his cell phone camera, showing the recording date of 9/28/2023.



**Exhibit 1, Page 1 of 1**

**Exhibit 2**

Subject: Re: Saker settlement
From: Gregg Roberts <gregg@legalsupport-sc.com>
Date: 4/22/2025, 11:59 AM
To: Rich Sturdevant <rich@bwlawcenter.com>

All right, we have a deal, provided the settlement agreement is finalized and the payment is delivered to me by one week from today. Do you think that's feasible?

I understand there is some uncertainty as to how soon the judge would sign off on the settlement/dismissal.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-330-4450

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-330-4450 or reply by e-mail and delete or discard the message.

On 4/22/2025 11:18 AM, Rich Sturdevant wrote:

> Gregg,
>
> This settlement amount is tapping out Mr. Saker's children. They can go up to $49,000.
> --
> Regards,
>
> Rich Sturdevant, Esq.
>
> Financial Relief Law Center
> 1200 Main St. Ste C
> Irvine, CA 92614
> Office: 714-442-3335
> Fax: 714-361-5376
>
> www.bwlawcenter.com



FINANCIAL RELIEF
LAW CENTER

**Exhibit 2, Page 1 of 2**

Re: Saker settlement          mailbox:///C:/Users/Gregg%20Roberts/AppData/Roaming/Thun...

Case 6:23-ap-01055-SY    Doc 57    Filed 02/25/26    Entered 02/26/26 14:45:05    Desc
Main Document     Page 23 of 27

*This electronic message and its attachments (if any) are intended solely for the use of the intended recipient(s). In addition, this message and the attachments (if any) may contain information that is confidential, privileged, and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating or otherwise using this transmission. Delivery of this message to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by reply electronic message, delete this message from your system and destroy all copies of the message.  Financial Relief Law Center is a Debt Relief Agency and helps consumers file bankruptcy petitions to obtain relief under the bankruptcy code.*

On Mon, Apr 21, 2025 at 5:46 PM Gregg Roberts <gregg@legalsupport-sc.com> wrote:

> Thank you.
>
> Make it $60,000 and you've got a deal.
>
> Gregg Roberts
> http://legalsupport-sc.com
> Legal Support Services of Southern California
> 43430 E. Florida Ave #F-293
> Hemet CA 92544
> 951-330-4450
>
> The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-330-4450 or reply by e-mail and delete or discard the message.
>
> On 4/21/2025 5:34 PM, Rich Sturdevant wrote:
>
>> Mr. Roberts,
>>
>> Mr. Saker and his children have considered your counteroffer and would like to offer an immediate one-time settlement amount of $45,000 in exchange for a release of all claims as well as removal of all liens.
>> --
>>
>> Regards,
>>
>> Rich Sturdevant, Esq.
>>
>> Financial Relief Law Center
>> 1200 Main St. Ste C
>> Irvine, CA 92614
>> Office: 714-442-3335
>> Fax: 714-361-5376
>>
>> www.bwlawcenter.com

**Exhibit 2, Page 2 of 2**

# Proposed Order

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| | |
|---|---|
| In re Jihad Saker, | Main Case #6:23-bk-10976-SY |
| Debtor | Chapter 7 |
|     Gregg Roberts, Plaintiff, | Adv. Proc. Case #6:23-ap-01055-SY |
|     v. | |
|     Jihad Saker, Defendant | **[PROPOSED] ORDER ENFORCING SETTLEMENT AGREEMENT, ENTERING JUDGMENT OF NONDISCHARGEABILITY, AND AWARDING SANCTIONS** |

Plaintiff's Motion to Enforce Court-Approved Settlement Agreement and for Entry of Judgment of Nondischargeability ("Motion") came on regularly for hearing.

The Court, having considered the Motion, supporting declaration, the record in this adversary proceeding, and any argument presented, finds:

1. The parties entered into a written Settlement Agreement.

2. The Court approved the Settlement Agreement by order entered November 14, 2025 (Dkt. 54).

3. The Settlement Agreement required Defendant to pay Plaintiff $49,000 within fourteen (14) days of the effective date.

4. Defendant failed to make the required payment.

5. Defendant is in material default.

6. Paragraph 2.4 of the Settlement Agreement provides that upon default Plaintiff shall be entitled to a judgment of nondischargeability.

7. Enforcement of the Settlement Agreement and an award of sanctions are appropriate.

IT IS HEREBY ORDERED:

1. The Motion is GRANTED.

2. The Settlement Agreement is ENFORCED.

3. Judgment shall be entered in favor of Plaintiff Gregg Roberts and against Defendant Jihad Saker.

4. The judgment debt owed by Defendant to Plaintiff is declared NONDISCHARGEABLE pursuant to 11 U.S.C. § 523(a)(6).

5. All abstracts of judgment, liens, and enforcement rights previously recorded or held by Plaintiff remain valid, enforceable, and unaffected.

6. Plaintiff is awarded monetary sanctions in the amount of $15,000, to be paid within fourteen (14) days of the entry of this Order collectively by Defendant Jihad Saker and/or his daughter Laila Saker.

7. This order is final and immediately enforceable.

IT IS SO ORDERED.

DATED: _____

                                                    _____

                                                    Hon. Scott H. Yun

                                                    United States Bankruptcy Judge

Proposed Order Prepared By:
Gregg Roberts
43430 E Florida Ave Ste #F-293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com

[PROPOSED] ORDER ENFORCING SETTLEMENT AGREEMENT, ENTERING JUDGMENT OF
NONDISCHARGEABILITY, AND AWARDING SANCTIONS
2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
43430 E. Florida Ave #F, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): <u>NOTICE OF MOTION AND MOTION TO</u>
<u>TO ENFORCE COURT-APPROVED SETTLEMENT AGREEMENT AND FOR ENTRY OF JUDGMENT OF</u>
<u>NONDISCHARGEABILITY, PRESERVATION OF LIENS, AND SANCTIONS, with Declaration of Gregg Roberts, two</u>
<u>exhibits, and Proposed Order</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

I have no access to the Electronic Mail Notice List.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  <u>02/19/2026</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding, by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor: Jihad Saker, 1137 W 17th St, San Bernardino CA 92411
Judge: Hon. Scott H. Yun, 3420 Twelfth St, Ste 345 / CR 302, Riverside, CA 92501-3819

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  <u>02/19/2026</u>, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

Via email to Debtor counsel by written agreement to rich@bwlawcenter.com per written permission despite my being a
party. Same declaration as below, Gregg Roberts, 2/19/2026  *Gregg Roberts*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

02/19/2026   JAMES L. MURSEN II                   /s/ James L. Mursen II
_____   _____   _____
Date              Printed Name                  Signature

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.